IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JENNY CARRILLO,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. _____ |
| HOME DEPOT, U.S.A., INC.<br>*Defendant* | §<br>§<br>§ | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES Plaintiff, Jenny Carrillo, complaining of Defendant, Home Depot, U.S.A., Inc. and in support thereof would respectfully show the Court as follows:

**I. VENUE AND JURISDICTION**

1. Plaintiff, Jenny Carrillo, (hereafter "Plaintiff Carrillo") is a resident of the State of Texas.

2. Defendant, Home Depot, U.S.A., Inc. (hereinafter "Defendant Home Depot"), is a corporation formed in and under the laws of the State of Georgia, and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of citation (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

3. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The incident, which is the subject of this complaint, occurred in the County of Nueces, State of Texas.

## II. Nature of the Case

5. On or about September 17, 2017, Plaintiff, Jenny Carrillo, was an invited guest on Defendant's premises, shopping at the Home Depot store located at 5041 S. Padre Island Drive, Corpus Christi, Texas 78411. While Plaintiff Carrillo was shopping, an unsecured board fell from an upper rack, striking Plaintiff on the head, and causing her serious injuries.

## III. Causes of Action
## Home Depot, U.S.A., Inc.

### COUNT I: Premises Liability

6. The allegations alleged in paragraph 1-5 are realleged and are incorporated herein by reference.

7. At all times relevant hereto, Plaintiff had the status of an invitee and customer on Defendant's premises, as a lawful, paying guest of the store.

8. Defendant owed the Plaintiff a duty to use ordinary care to keep the premises in a reasonably safe condition, including the duty to protect invitees and customers from unreasonable risks of harm or to warn them of the risks so they could avoid them.

9. At the time the Plaintiff, Jenny Carrillo, entered the premises, there existed a condition on The Home Depot premises that posed an unreasonable risk of harm to its patrons, including the Plaintiff.

10. The Home Depot knew or should have known of the dangerous condition in the store. The Home Depot had a duty to use ordinary care to ensure the premises did not present a danger to its invitees, including the Plaintiff. This duty includes but is not limited to the duty to inspect and the duty to warn. The Home Depot breached the duty of ordinary care by failing to inform the Plaintiff of the dangers.

11. The Home Depot's breach of its duties proximately caused the injuries to the Plaintiff, Jenny Carrillo.

### COUNT II: NEGLIGENCE AND NEGLIGENCE PER SE

12. Plaintiff alleges that the Defendant, The Home Depot, the owner of the premises in question, by and through its agents, servants, and employees, was negligent in that it owed Plaintiff a duty to make the premises reasonably safe for business invitees and in particular, Jenny Carrillo, which negligence proximately caused the injuries and damages to Jenny Carrillo. Defendant breached that duty in one or more of the following ways:

    A. Failing to warn invitees of the possible presence of unsecured items falling from upper shelves;

    B. Failing to maintain the premises of the store in a reasonably safe condition for its business invitees; and

    C. Failing to make the premises safe for those invitees;

    D. Failing to exercise reasonable care to protect invitees against danger, in violation of Restatement (Second) of Torts §343 (1965), which constitutes negligence *per se.*

13. Each of the above acts of omission and commission, singularly or collectively, constituted negligence and/or negligence *per se* which proximately caused the occurrence made the basis of this action and Plaintiff's actual damages.

14. The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se.*

### IV. LEGAL DAMAGES AND RECOVERIES TO COMPENSATE PLAINTIFF

15. At the time of her injuries, Plaintiff, Jenny Carrillo, was in reasonably good health with a normal life expectancy.

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and will continue to suffer a tremendous loss of life and family. Plaintiff seeks all just and right remedies at law and in equity, including but not limited to:

   A. Reasonable medical care and expenses in the past.

   B. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future.

   C. Loss of earnings in the past.

   D. Loss of earnings and earning capacity, which will, in all probability, be incurred in the future.

   E. Mental anguish in the past.

   F. Mental anguish in the future, which will in all probability, be incurred in the future.

   G. Pecuniary loss in the past.

   H. Pecuniary loss in the future, which will in all probability, be incurred in the future.

   I. And all other legal damages and just and right compensation as allowed both in law and in equity.

17. All losses, harm, and legal damages suffered by Plaintiff were caused by, and proximately caused by, Defendant's negligent acts and/or omissions (some of which are listed herein). For all such claims and losses, Plaintiff now sues.

18. Plaintiff, Jenny Carrillo requests monetary damages and punitive damages against the Defendant in amounts to be fixed by the trier of fact to be just and reasonable, for pre and post-judgment interest, for court costs and for all other appropriate relief.

## JURY DEMAND

19. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendant, for compensatory damages in an amount within the jurisdictional limits of the Court; for exemplary damages; for all pre-judgment and post-judgment interest as allowed by law and equity; for all costs of court; and for such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*/s/ Gregory L. Gowan*
Gregory L. Gowan
Federal ID No. 19991
Texas Bar No. 00765384
**GOWAN ELIZONDO, LLP**
555 N. Carancahua, Ste 1400
Corpus Christi, Texas 78401
Telephone: 361.651.1000
Facsimile: 361.651.1001
ggowan@gelawfirm.com